**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **FRANCISCO ADAN FORTIN-SILIEZAR,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1599-R** |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Francisco Adan Fortin-Siliezar, a noncitizen,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge David L. Russell referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Respondents filed a response and the time for Petitioner to reply has lapsed.[3] So the matter is at issue.

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[3] Chris Gantt is the Warden of the Cimarron Correctional Facility where Respondents are detaining Petitioner. Warden Gantt is not a federal official, and the Government did not file the response on his behalf. Doc. 8, at 1 n. 1.

For the reasons set forth below, the undersigned recommends the Court grant Petitioner's request for habeas relief in part and order Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within ten days or otherwise release Petitioner.

## I. Factual background and procedural history.

Petitioner, a native and citizen of Honduras, entered the United States without inspection on November 4, 2012. Doc. 1, at 5, 6. The Department of Homeland Security (DHS) initiated removal proceedings against Petitioner through issuance of a Notice to Appear, which charged Petitioner with inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) for failing to possess a valid entry document. *Id.* at 7. On December 13, 2012, DHS released him on his own recognizance after a favorable credible fear review. *Id.* Petitioner has sought asylum and has made his required check-ins with Immigration and Customs Enforcement (ICE). *Id.* On June 24, 2026, ICE took Petitioner into custody. *Id.*

## II. Petitioner's claims.

In the Petition, Petitioner alleges three claims for relief: (1) violation of the INA; (2) violation of due process; and (3) violation of the Administrative Procedure Act. *Id.* at 8-14.

Petitioner requests that the Court (1) prohibit his transfer outside the Western District of Oklahoma while this habeas petition is pending; (2) issue a show cause order as to why this Petition should not be granted within three days[4]; (3) release him under conditions; (4) in the alternative, if the Court does not order immediate release, order Respondents to provide Petitioner with a constitutionally adequate bond hearing before a neutral decisionmaker within five days, at which the Government shall bear the burden of proving by clear and convincing evidence that Petitioner presents a danger to the community or a flight risk that cannot be reasonably addressed by bond or conditions of release; (5) declare that Petitioner's detention is unlawful; (6) find unlawful and set aside, as applied to Petitioner, Respondents' determination that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A); and (7) award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law. *Id.* at 14-15.[5]

---

[4] The Court addressed these two requests in part in its Order for Response, Doc. 6.

[5] Any application for fees must be filed within thirty days of final judgment. *See* 28 U.S.C. § 2412(d)(1)(B).

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Discussion.

### A. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

Petitioner asserts ICE arbitrarily detained him at a routine ICE check-in and he is entitled to release or a bond hearing. Doc. 1, at 10. Respondents concede that the matter is "controlled by" the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Doc. 8, at 1.

DHS paroled Petitioner into the United States and permitted him to reside in the interior of the country for nearly fourteen years before ICE detained him in June 2026. Doc. 1, at 7. "Under those circumstances,

Petitioner's detention is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)." *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). The Court should thus conclude that Petitioner's present detention "is governed by § 1226(a), not § 1225(b)[]." *Id.; cf. Santillan Quiroz*, 180 F.4th at 1240 ("Based on the statutory text and context, we conclude that § 1225(b)(2)(A)'s application is limited to the border.").

**B. Petitioner is entitled to a bond hearing under § 1226(a).**

Because Petitioner is detained under § 1226(a), the undersigned concludes that an individualized bond hearing is the appropriate remedy. "Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov*, 2026 WL 1865418, at *3; *see, e.g.*, *Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

According to Petitioner, the Government has not provided him with an individualized custody determination since his detention. Doc. 1; *see, e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is

protected.”). Because this is “the very process Congress prescribed for detainees held pursuant to § 1226(a),” the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Zhakhonov*, 2026 WL 1865418, at *3; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a “protected liberty interest arising from her release on her own recognizance” and that the level of process owed to her was “for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226”); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) (“[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).”).

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days or otherwise release Petitioner. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days “[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).”); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) (“Petitioner has not received a bond hearing and Respondents raise no objection challenging their

obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").

### C. The Court should decline to address Petitioner's remaining claims.

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address the merits of Petitioner's remaining claims for relief. The Court can grant him relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 n.2 (W.D. Okla. July 14, 2026) (declining to address the petitioner's remaining claims after ordering a bond hearing).

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant Petitioner's habeas petition in part, and **order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within ten days or else release Petitioner.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten

business days of the Court's order and promptly providing a copy of this order to counsel for the Warden of the Cimarron Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by September 11, 2026,[6] in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

---

[6] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

**ENTERED** this 4th day of September, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE