**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **FRANCISCO ADAN FORTIN-SILEZAR,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1599-R** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Petitioner, Mr. Francisco Adan Fortin-Siliezar, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell who issued a Report and Recommendation [Doc. No. 9] recommending this Court grant in part Petitioner's Petition and order Respondents to provide Petitioner with a prompt bond hearing pursuant to 8 U.S.C. § 1226(a). Respondents filed an Objection [Doc. No. 10], triggering de novo review of those portions of the Report to which a specific objection is made.[1] 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

Respondents acknowledge that the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) controls this matter.[2] The Court agrees with Judge Mitchell's finding that Petitioner's detention is pursuant to § 1226(a). The Court further agrees that the proper remedy is an individualized bond hearing under § 1226(a).

[1] Petitioner did not file an Objection.
[2] Respondents state they do not waive their argument that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A) and thus is not entitled to a bond hearing. [Doc. No. 10 at 1.]

*See id.* at 1251 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.").

Respondents further state they do not object to Judge Mitchell's recommendation that this Court refrain from considering Petitioner's due process and additional statutory claims. Petitioner has not objected to this finding either, and the Court agrees. It will not address Petitioner's due process claim.

Accordingly, the Court ADOPTS Judge Mitchell's Report and Recommendation. The Court GRANTS in PART the Petition for Writ of Habeas Corpus [Doc. No. 1] and Respondents are directed to provide Petitioner with a lawful bond hearing pursuant to § 1226(a) within seven days of the date of this order or otherwise release him if he has not received such a hearing within that period. Respondents shall certify their compliance with this Order.

IT IS SO ORDERED this 14th day of September, 2026.

David L. Russell

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**